UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **LANDMARK RESIDENTIAL CONSTRUCTION, LTD.,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. V-04-86 |
| **DENISON CUSTOM HOMES, INC. and STEVEN ZAPATA and wife, LISA ZAPATA,** | § § § § § | |
| **Defendants.** | § | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. #26). The Court, having considered the motion, the responses of the parties, and the applicable law, is of the opinion that the motion should be GRANTED.

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has noted that the decision to grant leave to amend "lies within the sound discretion of the district court." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *rev'd on other grounds on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (per curiam)). Leave to amend should be given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. Given that Plaintiff's request to add Matt and Lisa Lively as defendants was promptly filed by Plaintiff's new counsel after Defendant moved for the Court to disqualify Plaintiff's original counsel, the Court finds that there is no undue delay or evidence of bad faith on the part of the movant. Furthermore, given the

fact that there is currently no scheduling order in place imposing deadlines on the parties, the Court finds that Defendants would not suffer undue prejudice by having to address the liability of Matt and Lisa Lively. Finally, Defendants contend that Plaintiff's proposed amendment would not survive a motion to dismiss and should therefore be disallowed as futile. However, Defendants have presented no absolute legal bar to the Lively's liability. There is nothing on the face of the pleadings that indicates any futility in Plaintiff's First Amended Complaint. Consequently, the Court is not persuaded that the amendment would be futile.

For the reasons stated above, the Court finds that Plaintiff's Motion for Leave to Amend should be GRANTED. Plaintiff shall file its First Amended Complaint no more than ten (10) days from the date of this Order.

It is so ORDERED.

Signed this 2nd day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE